FILED

MAR - 9 2012

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                        DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

IMHOTEP JORDAN, Jr.,
aka JOHN JORDAN,
CDCR #C-71742,

                                    Plaintiff,

vs.

T. PRICE,

                                    Defendant.

Civil No.   12cv0103 WQH (JMA)

**ORDER:**

**(1) DISMISSING CIVIL ACTION
FOR FAILING TO PAY FILING
FEES AND FOR FAILING TO
MOVE *IN FORMA PAUPERIS***

**AND**

**(2) AS FRIVOLOUS AND
MALICIOUS PURSUANT
TO 28 U.S.C. § 1915A(b)(1)**

Plaintiff, currently incarcerated at Calipatria State Prison ("CAL"), in Calipatria, California, and proceeding pro se, has filed a set of documents entitled "Notice of Filing Intent" (ECF No. 1). In his pleadings, comprised of a "Notice," a "Request for Entry of Default Judgment," a "Notice and Demand," and an "Affidavit of Truth," Plaintiff appears to seek a default judgment and monetary "settlement" against a correctional lieutenant at CAL based on vague and unspecified acts of misconduct. (ECF No. 1, 3, 10, 21.)

Plaintiff specifically alleges only that a default judgment must be entered against Price for "malicious[ly] and sadistic[ally]" and with "deliberate indifference and callous disregard,"

1   violating his "commercial, civil, constitutional and human rights" as a "living breathing flesh
2   and blood God created sovereign sentient being." (ECF No. 1 at 2, 21, 25.) Plaintiff makes
3   clear that he "does not intend ... his filings be constructed and/or construed to be a complaint,
4   specifically not a 42 U.S.C. § 1983," because he is, instead, filing only a "request for entry of
5   default judgment." (*Id.* at 2.)[1]

6   **I.   FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS**

7       Any party instituting *any* civil action, suit or proceeding in a district court of the United
8   States, other than a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C.
9   § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted
10  leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v.*
11  *Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th
12  Cir. 1999). However, Plaintiff has not prepaid the $350 filing fee required to commence any sort
13  of federal civil action; nor has he submitted a Motion to Proceed IFP. Therefore, his case must
14  be dismissed pursuant to 28 U.S.C. § 1914(a).

15  **II.   INITIAL SCREENING PER 28 U.S.C. § 1915A(b)**

16      Pursuant to the Prison Litigation Reform Act and 28 U.S.C. § 1915A, the Court is
17  obligated to review civil actions filed by anyone "incarcerated or detained in any facility who
18  is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the
19  terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as

20

21      [1] Plaintiff's "Notice" is identical to five others, all filed with the Clerk on the same day,
22  purporting to seek default judgments against five other individual CAL correctional officials, all
    asserting the same frivolous claims and attempting to employ the same illicit procedure. *See also Jordan*
23  *v. Madden*, S.D. Cal. Civil Case No. 12cv0098 DMS (POR); *Jordan v. Builteman*, S.D. Cal. Civil Case
    No. 12cv0099 BEN (NLS); *Jordan v. Coronado*, S.D. Cal. Civil Case No. 12cv0100 WQH (RBB); *Jordan*
24  *v. Carpio*, S.D. Cal. Civil Case No. 12cv0101 IEG (JMA); and *Jordan v. Powell*, S.D. Cal. Civil Case
    No. 12cv0102 DMS (BLM). A court "'may take notice of proceedings in other courts, both within and
25  without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias*
    *v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801,
26  803 n.2 (9th Cir. 2002)). Plaintiff has not paid the $350 civil filing fee in any of these, or any prior civil
    case he has filed in the Southern District, and had thus far managed to avoid 28 U.S.C. § 1915(g)'s "3-
27  strikes" bar by submitting "Requests for Entry of Default Judgment" unaccompanied by complaints or
    motions to proceed *in forma pauperis. See e.g., Jordan v. Cardenas*, S.D. Cal. Civil Case No. 11cv1152
28  DMS (NLS); *Jordan v. Andersen*, S.D. Cal. Civil Case No. 11cv1153 IEG (JMA); *Jordan v. Borem*,
    S.D. Cal. Civil Case No. 11cv1154 BEN (NLS); *Jordan v. Drake*, S.D. Cal. Civil Case No. 11cv1155
    AJB (MDD); and *Jordan v. Coronado*, S.D. Cal. Civil Case No. 11cv1156 BTM (MDD).

1  practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves

2  to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). The Court must sua sponte dismiss prisoner

3  complaints, or any portions thereof, which "seek[] redress from a governmental entity or officer

4  or employee of a governmental entity," if they are frivolous, malicious, or fail to state a claim

5  upon which relief may be granted. 28 U.S.C. § 1915A(a), (b); *Rhodes v. Robinson*, 621 F.3d

6  1002, 1004 (9th Cir. 2010).

7       As noted above, Plaintiff's pleading seeks to only to notify the Court of his intent to file

8  a request for entry of default judgment against a CAL correctional lieutenant, who allegedly

9  breached of his "oath of office" in violation of Plaintiff's "commercial, civil, constitutional and

10  human rights" on an unspecified occasion. (ECF No. 1 at 10-14.) Because Plaintiff is

11  proceeding pro se, the Court would generally consider his claims liberally to arise under the Civil

12  Rights Act, 42 U.S.C. § 1983, *see Haines v. Kerner*, 404 U.S. 519-20 (1972) (noting that

13  allegations asserted by pro se petitioners, "however inartfully pleaded," are held "to less

14  stringent standards than formal pleadings drafted by lawyers"). However, Plaintiff

15  unequivocally states that he "does not intend ... his filings be constructed and/or construed to be

16  a complaint, specifically not a 42 U.S.C. § 1983." (ECF No. 1 at 2.)

17       Without § 1983 or some other constitutional or federal statutory basis for his suit, this

18  Court lacks subject matter jurisdiction altogether. *Bowles v. Russell*, 551 U.S. 205, 212 (2007)

19  ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction

20  to consider. Because Congress decides whether federal courts can hear cases at all, it can also

21  determine when, and under what conditions, federal courts can hear them.") (citation omitted);

22  *see also SEC v. Ross*, 504 F.3d 1130, 1140-41 (9th Cir. 2007) (finding the naming of a person

23  in a motion insufficient to commence a civil action against him as a party).

24       Moreover, "[the Federal Rules of Civil Procedure] govern the procedure in *all* civil

25  actions and proceedings in the United States district courts." FED.R.CIV.P. 1 (emphasis added);

26  *see also SEC v. McCarthy*, 322 F.3d 650, 655 (9th Cir. 2003). "There is one form of action–the

27  civil action," FED.R.CIV.P. 2, which is "commenced by filing a complaint with the court."

28  FED.R.CIV.P. 3. "In short, an 'action' is the formal and ordinary means by which parties seek

1  legal and/or equitable relief before a court of law through the filing of a formal complaint,
2  triggering the full array of legal, procedural, and evidentiary rules governing the process by
3  which a court adjudicates the merits of a dispute. Absent express statutory authorization stating
4  otherwise, there is no question that the Federal Rules govern all 'actions' [brought] before the
5  district courts of the United States." *New Hampshire Fire Ins. Co. v. Scanlon*, 362 U.S. 404,
6  407-08 (1960); *McCarthy*, 322 F.3d at 657.

7          Thus, even if this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331
8  based on a liberal construction of Plaintiff's references to his "constitutional" rights (ECF No.
9  1 at 10, 21, 25), to the extent he apparently seeks to avoid the procedures required to commence
10 a civil action as set forth by both the Civil Rights Act and the Federal Rules and simply forge
11 ahead to victory by being granted an unnoticed and unopposed default judgment in his favor, his
12 "Notice" is null and his litigation strategy futile. *See Powell v. Rios*, 241 F.App'x 500, 504 n.4
13 (10th Cir. 2007) (holding that "[t]he Federal Rules of Civil Procedure make clear that only a
14 properly-filed 'complaint' can commence a civil action," and rejecting Plaintiff's attempts to file
15 a motion for a temporary restraining order without first commencing a civil action pursuant to
16 FED.R.CIV.P. 3 by filing a complaint); *see also Boosalis Options, LP v. Farnbacher Loles
17 Motorsports, LLC*, 2010 WL 335651 at *1 (N.D. Cal. 2010) (unpub.) (rejecting plaintiff's
18 attempt to circumvent Federal Rules by submitting an "Application for Entry of Judgment
19 Pursuant to a Confession" to the court without first commencing a civil action by filing a
20 complaint, paying the requisite filing fee, and serving a summons upon the defendants, as an
21 illicit attempt "to skip over all the usual safeguards of a lawsuit," and "go straight to an
22 unopposed victory.... The Federal Rules do not authorize such a procedure."); *Patray v.
23 Northwest Pub., Inc.*, 931 F. Supp 865, 869 (D. Ga. 1996) (court must have both personal and
24 subject-matter jurisdiction over defendant in order to entertain any request for default judgment);
25 10A Wright, Miller & Kane, FED. PRAC. & PROC. CIV., § 2682 (3d ed.) (2011).

26         An action is frivolous under 28 U.S.C. § 1915A(b)(1) "where it lacks an arguable basis
27 either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lopez v. Dept. of Health
28 Servs.*, 939 F.2d 881, 882-83 (9th Cir. 1991). Here, there is no question that Plaintiff's

1 suit–regardless of what he wishes to call it–lacks any arguable basis in either law or fact, and is
2 therefore frivolous under § 1915A(b)(1). *Neitzke*, 490 U.S. at 328.

3 　　In fact, Plaintiff's submissions, when considered in light of his repeated pattern of
4 frivolous filings in this district,[2] may further be classified as "malicious" insofar as they appear
5 to lack good faith and "suggest[s] an intent to vex the defendants or abuse the judicial process."
6 *See Crisafi v. Holland,* 655 F.2d 1305, 1309 (D.C. Cir. 1981) (a complaint may be inferred to
7 be "malicious" if it suggests an intent to abuse the judicial process); *accord Aston v. Probst*, 217
8 F.3d 844, 844 (9th Cir. 2000) (table disposition); *Ballentine v. Crawford*, 563 F. Supp. 627, 629
9 (N.D. Ind. 1983). The test for maliciousness is subjective and requires the court to "determine
10 the ... good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915).
11 In determining a litigant's "good faith," a court may consider not only the "printed words" of the
12 complaint, but the circumstances and history of the filing, the tone of the allegations, and the
13 presence or absence of probative facts. *See Gjurovich v. California*, 2010 WL 4321604 at *5
14 (E.D. Cal. 2010) (unpub.) (quoting *Spencer v. Rhodes*, 656 F. Supp. 458, 463 (E.D. N.C.), *aff'd,*
15 826 F.2d 1061 (4th Cir. 1987)). Nothing in Plaintiff's "Notice" in this case, or in his litigation
16 history in this district, suggests good faith of any sort.

17 　　For these additional reasons, the Court dismisses the entirety of Plaintiff's action as both
18 frivolous and malicious pursuant to 28 U.S.C. § 1915A(b)(1); *Rhodes*, 621 F.3d at 1004.

19 **III. CONCLUSION AND ORDER**

20 　　For the reasons set forth above, the Court hereby:

21 　　(1)　　DISMISSES this action sua sponte without prejudice for failing to pay the $350
22 filing fee or file a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a).

23

24 　　[2] *See, e.g., Jordan v. Lloyd*, S.D. Cal. Civil Case No. 11cv1724 JLS (BLM); *Jordan v. Moskowitz*, S.D. Cal. Civil Case No. 11cv1725 JLS (WMc); *Jordan v. Sabraw*, S.D. Cal. Civil Case No.
25 11cv1726 JAH (JMA); *Jordan v. Gonzalez*, S.D. Cal. Civil Case No. 11cv1727 JLS (CAB); *Jordan v. Battaglia*, S.D. Cal. Civil Case No. 11cv1728 LAB (BLM); *Jordan v. Benitez*, S.D. Cal. Civil Case No.
26 11cv1729 MMA (POR) and *Jordan v. Anello,* S.D. Cal. Civil Case No. 11-1730 DMS (POR). In this series of filings, Plaintiff purported to sue a Clerk's Office employee and individual judges of this Court
27 for alleged violations of federal and state criminal statutes, rules of civil procedure, government codes, and "maxims" of commercial law, justice, truth, and sovereignty, simply for dismissing his previous
28 cases. All of these cases, which were also initially presented to the Clerk captioned as "Notices" without accompanying complaints or motions to proceed IFP, have also been dismissed as frivolous and malicious pursuant to 28 U.S.C. § 1915A(b)(1).

1    **IT IS FURTHER ORDERED** that:

2        (2)    The entirety of this action is DISMISSED as frivolous and malicious pursuant to

3    28 U.S.C. § 1915A(b)(1).  Moreover, because the Court finds amendment futile, leave to amend

4    is DENIED.  *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a

5    leave to amend is not an abuse of discretion where further amendment would be futile); *see also*

6    *Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since

7    plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should

8    be dismissed without leave to amend; any amendment would be futile.") (citing  *Newland v.*

9    *Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

10        (3)    Finally, this Court CERTIFIES that no IFP appeal from this Order could be taken

11    "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).  *See Coppedge v. United States*, 369 U.S.

12    438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is

13    permitted to proceed IFP on appeal only if appeal would not be frivolous).

14        (4)    The Clerk of Court shall close the file.

15

16    DATED:    3/6/12

17    HON. WILLIAM Q. HAYES
      United States District Judge

18

19

20

21

22

23

24

25

26

27

28